**Nafissatou KANE, Petitioner,**

v.

**\*Alberto R. GONZALES, Attorney General of the United States of America, Respondent \*{Substituted pursuant to Rule 43(c), F.R.A.P.}.**

**No. 04–1467.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 8, 2005.

Decided March 1, 2005.

Susan Aikman, Law Office of David Goren, Silver Spring, MD, for Petitioner.

Mark C. Walters, Douglas E. Ginsburg, John D. Williams, Mary Jane Candaux, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before BARRY, FUENTES and BECKER, Circuit Judges.

OPINION OF THE COURT

BECKER, Circuit Judge.

Nafissatou Kane petitions for review of an order of the Board of Immigration Appeals (BIA) which denied her motion for reconsideration of its prior order which in turn reversed the decision of an Immigration Judge (IJ) granting Kane asylum and withholding of removal. For the reasons that follow, we deny the petition.

We acknowledge that this is a sympathetic case. Kane is a native and citizen of Mali who suffered female genital mutilation (FGM) at the age of one to two weeks. At age 11, Kane was given by her father, who was a religiously fanatical man and the Imam of a large mosque, for marriage to a 40–year–old man. After being slapped by her husband, Kane asked for a divorce, which she ultimately obtained from the court in Mali. Kane returned to her father's house but was turned away and told that she was to stay married (and hence remain in an abusive relationship). A family member finally helped Kane go to Saudi Arabia and study, telling her that she had spoiled her life in Mali and there was nothing left there for her. Kane studied language, education and computer programming and eventually found a job in Saudi Arabia. She returned to Mali on three different occasions: for her father's funeral, her sister's funeral, and her grandmother's funeral. During these visits the community and her family shunned her because she rejected her family's values and because of her education and willingness to speak out against the rules that govern Muslim women in Mali.

In reversing the IJ, the BIA stated, *inter alia:*

> The Immigration Judge also found that the respondent has a well-founded fear of future persecution based on her status as a "westernized woman." The respondent did not claim to have suffered past persecution on this basis. Although the Immigration Judge cited evidence in the record that the respondent would be treated as a "pariah" if returned to Mali, such treatment does not rise to the level of persecution.

In denying the motion for reconsideration, the BIA wrote:

> The respondent must do more than define a particular social group. The respondent must show that she was persecuted at least in part on account of her membership in the group. As the respondent defines the group, she could not have been a member at the moment when she was subjected to FGM. The respondent became a member of the social group as a result of the alleged persecution. The membership did not prompt the persecution. We find no legal or factual error in any aspect of our prior decision.

Kane seeks reversal of the BIA's decision on the ground that she endured severe past persecution and has compelling reasons for being unwilling to return to Mali warranting a grant of asylum, and that she also has a well-founded fear of future persecution due to her inability to accept the traditional, oppressed role of a Muslim woman in a Muslim society.

The government's brief, and its subsequent motion for summary affirmance, are devoted largely to jurisdictional issues. According to the government, the Court lacks jurisdiction over Kane's challenge to the BIA's July 2003 decision denying her asylum application because she did not file a petition for review of that decision. In addition, the government submits, the Court lacks jurisdiction over Kane's challenge to the Board's December 2003 decision denying rehearing because she has not challenged any aspect of that decision in her brief. Kane *forcefully counters*

these arguments. First she points out that the BIA did reconsider its decision but that that reconsideration reaffirmed the previous decision and that its opinion discussed the merits of the asylum issue, *see supra.* She adds that the motion to reopen, to reconsider, and to stay deportation is inextricably linked to the prior decision dated July 11, 2003, and that it must therefore incorporate the prior decision and the initial asylum issue.

■ We need not, however, decide the jurisdictional arguments, for we are satisfied that the petition for review must be denied on the merits. First, we cannot say that the BIA's refusal to extend this holding to women who have *already* undergone FGM was arbitrary, irrational, or contrary to law. Moreover, as the BIA noted in its order denying the motion for reconsideration, in addition to demonstrating that she is a member of a particular social group, Kane was required to "show that she was persecuted at least in part on account of her membership in that group." *See* 8 U.S.C. § 1101(a)(42)(A); *Lukwago v. Ashcroft,* 329 F.3d 157, 170 (3d Cir.2003). Kane defines her social group as women who have been forced to undergo FGM, and she defines the persecution as the FGM itself. But the "particular social group" must have existed before the persecution began. *Lukwago,* 329 F.3d at 172. It is a logical impossibility for Kane to have been a member of the social group of women subjected to FGM prior to the time when she underwent FGM (as a one-week-old infant).

■ Moreover, Kane's claim that she would be a social outcast if she returned to Mali does not rise to the level of persecution. At all events, Kane did not claim to have suffered persecution on this basis. *See Fatin v. INS,* 12 F.3d 1233, 1242–43 (3d Cir.1993) (denying asylum claim where petitioner was a member of a group con-

sisting of Iranian women who found their country's gender-specific laws offensive, but had not shown that adverse consequences would befall her).

The petition for review will be denied.